J-S01033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD CARNES | |
| Appellant | No. 985 WDA 2014 |

Appeal from the Judgment of Sentence May 8, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001634-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED JANUARY 23, 2015**

Appellant, Donald Carnes, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his bench trial convictions for two (2) counts of indecent assault and one (1) count each of rape of a child, corruption of minors, endangering welfare of children ("EWOC"), aggravated indecent assault of a child, and indecent exposure.[1] We affirm the convictions, vacate the judgment of sentence, remand for resentencing, and deny counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On multiple occasions in 2012, Appellant sexually molested his girlfriend's eight-year-old daughter.  Following a bench trial, the court convicted

_____

[1] 18 Pa.C.S.A. §§ 3126, 3121(c), 6301, 4304, 3125(b), 3127, respectively.

Appellant of two counts of indecent assault and one count each of rape of a child, corruption of minors, EWOC, aggravated indecent assault of a child, and indecent exposure. Prior to sentencing, the Commonwealth filed notice of intent to seek mandatory minimum sentences for Appellant's rape of a child and aggravated indecent assault of a child convictions, pursuant to 42 Pa.C.S.A. § 9718 (stating person convicted of rape of child or aggravated indecent assault of child shall be sentenced to at least ten (10) years' imprisonment).

On May 8, 2014, the court conducted Appellant's sentencing hearing. Prior to imposing the sentences, the court classified Appellant as a sexually violent predator. Thereafter, the court sentenced Appellant to two hundred sixteen (216) to four hundred thirty-two (432) months' imprisonment for the rape of a child conviction. The court imposed a concurrent term of one hundred twenty (120) to two hundred forty (240) months' imprisonment for the aggravated indecent assault of a child conviction.[2] Regarding the convictions for corruption of minors, EWOC, and one count of indecent assault, the court sentenced Appellant to concurrent terms of twelve (12) to twenty-four (24) months' imprisonment. For Appellant's indecent exposure conviction, the court sentenced Appellant to a concurrent term of three (3)

_____

[2] The court imposed a mandatory minimum sentence per 42 Pa.C.S.A. § 9718 for aggravated indecent assault of a child. The court's sentence for rape of a child exceeded the Section 9718 mandatory minimum.

to twenty-four (24) months' imprisonment. The final count of indecent assault merged with the rape conviction for sentencing purposes. Thus, Appellant received an aggregate sentence of two hundred sixteen (216) to four hundred thirty-two (432) months' imprisonment.

On Monday, May 19, 2014, Appellant timely filed a post-sentence motion. In it, Appellant challenged his sentence as follows: "[Appellant's] sentence is violative of the Pennsylvania Sentencing Guidelines and [Appellant] should be re-sentenced." (Post-Sentence Motion, filed 5/19/14, at 1). Appellant did not elaborate on how his sentence violated the guidelines. Also on May 19, 2014, the court denied Appellant's post-sentence motion.

Appellant timely filed a notice of appeal on June 17, 2014. On June 18, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On July 8, 2014, counsel timely filed a statement of intent to file a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might

arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61.  Substantial compliance with these requirements is sufficient.  ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007).  "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous."  ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting ***Commonwealth v. Townsend***, 693 A.2d 980, 982 (Pa.Super. 1997)).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief.  To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> *      *      *
>
> Under ***Anders,*** the right to counsel is vindicated by counsel's examination and assessment of the record and

_____

[3] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360.  Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw.  The petition states counsel performed a conscientious examination of the record and concluded the appeal would be wholly frivolous.  Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to raise any additional points Appellant deems worthy of this Court's attention.  In her ***Anders*** brief, counsel provides a summary of the procedural history of the case.  Counsel refers to facts in the record that might arguably support the issue raised on appeal and offers citations to relevant law.  The brief also provides counsel's conclusion that the appeal is wholly frivolous.  Thus, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

As Appellant has filed neither a *pro se* brief nor a counseled brief with

new privately retained counsel, we review this appeal on the basis of the issue raised in the **Anders** brief:

> WHETHER APPELLANT'S SENTENCE IS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE AND INCONSISTENT WITH THE OBJECTIVES OF THE SENTENCING CODE?

(**Anders** Brief at 3).

Appellant contends the sentencing court failed to consider mitigating factors, including the support he receives from his family, his good character, volunteer work, educational background, military service, and his role as a father. Appellant concedes his sentences fall within the standard range of the sentencing guidelines. Nevertheless, Appellant "argues that given his obvious remorse, his rehabilitative potential, and the fact that he has no prior criminal history, the sentencing court should have...fashioned a lesser sentence." (Appellant's Brief at 8). Appellant concludes the court abused its discretion by imposing a manifestly excessive sentence. Appellant's challenge is to the discretionary aspects of his sentence. **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.[4] **Commonwealth v. Mann**, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the

---

[4] Here, Appellant failed to raise his specific discretionary aspects claim at the sentencing hearing or in the post-sentence motion. Due to counsel's petition to withdraw, however, we proceed with our analysis of Appellant's issue. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa.Super. 2009) (explaining **Anders** requires review of issues otherwise waived on appeal).

reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13 (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. *Mouzon, supra* at 435, 812 A.2d at 627. Nevertheless, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately

consider' certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)).

Instantly, Appellant's assertion that the court improperly weighed the mitigating factors does not raise a substantial question. ***See Cruz-Centeno, supra***. Here, the court had the benefit of a PSI report. (***See*** N.T. Sentencing Hearing, 5/8/14, at 35, 38.) Therefore, we can presume the court considered the relevant information and mitigating factors. ***See Commonwealth v. Tirado***, 870 A.2d 362, 366 n.6 (Pa.Super. 2005) (stating where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). Accordingly, Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing.

Regarding the imposition of Section 9718 mandatory minimum sentences, we are mindful of the United States Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. Here, the court imposed a mandatory minimum sentence under

Section 9718 (governing sentences for certain offenses committed against minor victims) for Appellant's aggravated indecent assault conviction. The court also imposed a sentence that exceeded the mandatory minimum for Appellant's rape of a child conviction. Consequently, we elect *sua sponte* to review the legality of Appellant's sentences for rape of a child and aggravated indecent assault of a child. *See Commonwealth v. Edrington*, 780 A.2d 721 (Pa.Super. 2001) (assuming proper jurisdiction, application of mandatory minimum sentence involves legality of sentence, which this Court can raise *sua sponte*).

Section 9718(a)(3) sets forth mandatory minimum sentences of ten (10) years' imprisonment where a defendant is convicted of rape of a child or aggravated indecent assault of a child. 42 Pa.C.S.A. § 9718(a)(3). Section 9718(c) states that the statutory provisions shall not be an element of the crime and applicability of the statute shall be determined at sentencing by a preponderance of the evidence. 42 Pa.C.S.A. § 9718(c). Recently, in *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), this Court addressed the constitutionality of a similar statute, 42 Pa.C.S.A. § 9712.1, in light of the United States Supreme Court's decision in *Alleyne, supra*.[5] Relying on *Alleyne*, *Newman* held that Section 9712.1

_____

[5] This Court also made clear that *Alleyne* is subject to limited retroactivity; in other words, *Alleyne* is applicable to all criminal cases still pending on direct review. *Id.* at 90. Because Newman's case was still pending on direct
*(Footnote Continued Next Page)*

can no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." *Newman, supra* at 98. Thus, this Court vacated Newman's PWID sentence and remanded for resentencing without imposition of the mandatory minimum under Section 9712.1. *See also Commonwealth v. Valentine*, 101 A.3d 801 (Pa.Super. 2014) (involving appeal of sentence arising from jury trial; extending logic of *Alleyne* and *Newman* to Sections 42 Pa.C.S.A. §§ 9712, 9713 and holding those sections are likewise unconstitutional insofar as they permit automatic increase of defendant's sentence based on preponderance of evidence standard).

Subsequently, this Court directly addressed the constitutionality of Section 9718 in *Commonwealth v. Wolfe*, ___ A.3d ___, 2014 PA Super 288 (filed December 24, 2014). In *Wolfe*, a jury convicted the defendant of sex crimes committed against a minor victim, including two counts of involuntary deviate sexual intercourse ("IDSI").[6] The court imposed ten-

_____

*(Footnote Continued)* ———————

appeal, the holding in *Alleyne* applied to Newman's case, as it also does here in this direct appeal.

[6] The relevant portion of the IDSI statute provides: "A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant…who is less than 16 years of age and the

*(Footnote Continued Next Page)*

- 11 -

year mandatory minimum sentences for each IDSI conviction, pursuant to Section 9718(a)(1). On appeal, this Court emphasized that Section 9718 "contains the same format" as the unconstitutional statutes at issue in *Newman* and *Valentine*. *Id.* at *5. Consequently, this Court held Section 9718 is also facially unconstitutional. Moreover, this Court noted:

> We recognize that this specific case is unique insofar that the additional fact triggering the mandatory sentence is also contained as an element within the subsection of the IDSI statute under which [the defendant] was convicted. Therefore, in order to convict [the defendant] of IDSI, the Commonwealth was already required to prove beyond a reasonable doubt that the victim was less than 16 years old.
>
> However, we are not concerned with [the defendant's] conviction in this appeal, only the imposition of the mandatory minimum sentence.
>
>         *    *    *
>
> [I]n this case, although the jury was required to find that the victim was less than 16 years of age in order to convict [the defendant], we cannot ignore the binding precedent from an *en banc* decision of this Court. *Newman* stands for the proposition that mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety. As Section 9718 is indistinguishable from the statutes struck down in *Newman* and *Valentine*, we are constrained to conclude that Section 9718 is also facially void. As a result, we conclude the trial court erred in imposing the ten-year mandatory minimum.

*Id.* at 5-6 (internal citations omitted).

*(Footnote Continued)* ——————————

person is four or more years older than the complainant and the complainant and person are not married to each other." 18 Pa.C.S.A. § 3123(a)(7).

Instantly, the court conducted a bench trial and convicted Appellant of multiple sex offenses. At the sentencing hearing, the court applied Section 9718 to Appellant's rape of a child and aggravated indecent assault of a child convictions. (*See* Guideline Sentence forms, filed 5/9/14, at 1-3.) Given this Court's decisions in *Newman*, *Valentine*, and *Wolfe*, however, we must vacate and remand for resentencing. Accordingly, we affirm Appellant's convictions, but we vacate the judgment of sentence, remand for resentencing without imposition of mandatory minimum sentences, and deny counsel's petition to withdraw.

Judgment of sentence vacated; case remanded for resentencing; counsel's petition to withdraw is denied. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2015